Opinion by HARALSON, J.

---

# The State v. Montgomery Light and Power Company *et al*.

APPEAL from Montgomery City Court.
Tried before the Hon. A. D. SAYRE.

DEYAMPERT & HAUSMAN, for appellants.

GRAHAM & STEINER and HOLLOWAY & HOLLOWAY, for appellees.

This suit was brought by the State of Alabama against the Montgomery Light & Power Company, and several mercantile firms in the city of Montgomery, who were alleged in the complaint to be partners under the name and style of "The Business Men's Protective Association."

The action was commenced by the State of Alabama to recover of the defendants, as partners, the sum of three hundred dollars, and the penalty fixed by law, for engaging in the business of inquiring into and reporting on the credit and standing of persons engaged in business in the State of Alabama, without taking out the

license required by subdivision 40 of section 4122 of the Code of Alabama. The defendants demurred to the complaint, assigning several grounds of demurrer, which demurrer was overruled. Thereupon the defendant filed pleas in abatement, denying that they were members of any such copartnership as named in the complaint, to which pleas the plaintiff interposed its demurrer, which, upon consideration by the court, was overruled. Issue was joined on the pleas in abatement, and at the conclusion of the introduction of evidence the court refused to give the general affirmative charge for the plaintiff, and gave a similar charge, at their request, for the defendants, whereupon a verdict and judgment were rendered for the defendants.

From this judgment the plaintiff appeals. The court holds that the plaintiff failed on the trial to prove its complaint. It was stated by the court that "the evidence adduced neither proves nor tends to prove that The Business Men's Protective Association, or the members thereof were engaged 'in the business of inquiring into and reporting upon the standing of persons engaged in business in this State,' within the letter or spirit of sub-section 40 of section 4122 of the Code. The persons, corporations and firms composing the said association did not carry on the business of inquiring into the credit and standing of persons engaged in business: They made no inquiry at all; but merely reported to their associates the names of persons trading with them who had proven themselves unworthy of credit, that had failed to pay debts due to them; and such persons so reported, not upon inquiry, but from dealings with the reporting members, may or may not have been 'persons engaged in business in this State.' The business upon which the statute referred to imposes a license tax is essentially different from the mere interchange among merchants of their knowledge gained from their own business as to the unworthiness of credit of their own customers."

The judgment is affirmed.

Opinion by McClellan, C. J.