(77 South. 735)

STATE v. WHOLESALE & RETAIL CREDIT ASS'N. (3 Div. 347.)

(Supreme Court of Alabama. Jan. 17, 1918. Rehearing Denied Feb. 7, 1918.)

LICENSES  ⬅⬤11(1)—CORPORATIONS—REPORTING UPON CREDIT.

Defendant corporation was organized to inquire into and report upon the credit of persons in the state. It was paid annually sums by the various members for the purpose, and has furnished reports as to the standing of persons both within and without the city of Montgomery. *Held*, that defendant was within Code 1907, § 2361, subd. 22, and Acts 1915, p. 499, § 1, subd. 31 requiring a license of corporations inquiring

---

into and reporting upon the credit and standing of persons in the state; that the members received no dividends not removing defendant from the effect of the statute.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the State of Alabama against the Wholesale & Retail Credit Association to recover license. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

W. T. Seibels and C. P. McIntyre, both of Montgomery, for the State. Steiner, Crum & Weil and J. L. Holloway, all of Montgomery, for appellee.

ANDERSON, C. J. Subdivision 22 of section 2361 of the Code of 1907 provides:

"Each person, firm, or corporation, or association of persons inquiring into and reporting upon the credit and standing of persons in this state, shall pay to the state annually the sum of three hundred dollars, and the payment of this license in any one county shall be sufficient, and shall not be required in any other county in the state."

While the Act of 1915, p. 499, § 1, subdivision 31, says:

"Each person, firm or corporation, or association whose principal business is inquiring into and reporting upon the credit and standing of persons in this state, shall pay to the state a license of three hundred dollars, and shall also pay a license of fifty dollars to each county in which such person, firm, corporation or association maintains an office or established place of business, except that persons, firms, associations or corporations inquiring into and reporting to retail dealers upon the credit and standing of individuals shall not be required to pay this license."

We think that the undisputed evidence brings this appellee within the influence of these statutes, and that the trial court erred in not rendering judgment for the appellant for the tax claimed. The proof shows that it is such an association as the statute covers; that is that it is an association of persons or corporation "inquiring into and reporting upon the credit and standing of persons in this state." We do not see how the fact that the members received no dividends should remove it from the influence of the statute. It was a corporation organized and chartered for the purpose of inquiring into and reporting upon the credit of persons in the state; it was paid annual sums by the various members for this purpose, and furnished reports as to the standing of persons both within and without the city of Montgomery, and was not confined to reports from the different members to each other as to the standing of their respective customers. While the statute dealt with in the case of State v. Montg. Lt. & W. P. Co., 130 Ala. 683, 30 South. 908, is not greatly different from the present one, that case seems to have gone off on a failure to prove the complaint; the court holding that the persons, corporations, and firms composing the said association did not carry on the business of inquiring into the credit and standing of persons engaged in business. They made no inquiry at all; but merely reported to their association the names of persons trading with them who had proven themselves worthy of credit, etc., not upon inquiry, but from dealings with the reporting members, etc. Here the suit is against the corporation and not the members composing the organization, and which said organization is engaged in the business of inquiring into the credit and standing of persons and reporting upon same and for a valuable consideration. The other cases cited and relied upon by appellee's counsel do not bear upon this question at all.

The judgment of the circuit court is reversed and one is here rendered in favor of the plaintiff for the amount of $2,589.75.

Reversed and rendered.

McCLELLAN, GARDNER, and THOMAS, JJ., concur.